STATE OFFICERS AND EMPLOYEES 74 O.S. (1977), is not violated when an accountant for a state agency is employed as an instructor in basic accounting by a state educational institution after his normal working hours. It is further the opinion of the Attorney General that 74 O.S. 1404 [74-1404](f) (1977) is not violated if an employer determines that the part-time work of an employee will neither decrease his efficiency nor impair his judgment as a full-time employee of the State. The Attorney General has considered your request for an opinion wherein you ask the following questions: (1) By accepting after hours employment as an instructor in basic accounting, does an accountant for a state agency violate 74 O.S. 818 [74-818] (1977)? (2) Would acceptance of the employment described above be a violation of 74 O.S. 1404 [74-1404](f) (1977)? In answer to your first question, 74 O.S. 818 [74-818] (1977) has no application to the situation described above. The purpose of that statute is to prohibit discrimination in the hiring of classified employees under the merit system, to prohibit the use of influence in obtaining a classified service position or promotions, and to prohibit political activities by members of the classified service. It in no way prohibits a State employee from accepting part-time employment with another State agency. The other statute referenced in your questions directly deals with the question of dual employment and reads, in pertinent parts, as follows: "No State employee shall: . . . (f) Accept or solicit other employment which would impair his efficiency or independence of judgment in the performance of his public duties." 74 O.S. 1404 [74-1404](f) (1977) This provision prohibits a state employee from accepting employment where, in doing so, his independence of judgment or his efficiency would be affected. It is not a per se violation for a state employee to accept employment with another state agency. Attorney General Opinion No. 75-146, 8 Okl. Op. Atty. Gen. 76,77 (1975). In determining whether the additional employment by another state agency violates this provision, one must look to whether (1) the work hours of employment are contemporaneous and (2) a conflict of interest may arise between the duties imposed by each job. Where the work hours of employment are contemporaneous, it has been held that dual employment constitutes a violation of this section. Attorney General Opinion No. 75-146, supra, Attorney General Opinion 69-279, 2 Okl. Op. Atty. Gen. 228, 229 (1969) . Unless the employee is subject to evening work assignments, this is not a problem in the present situation where the additional employment by a state institution consists of part-time instruction after the normal working hours of the employee. No set rules have developed to determine whether a potential conflict of interest exists between the two different sources of state employment. The question is whether under the specific circumstances the employee's independence of judgment would be affected by taking on additional duties. The employer must determine whether part-time work impairs the judgment as a full-time employee or whether the time spent in the part-time job decreases his efficiency as a full-time employee. If not, the employment as a part-time instructor is not prohibited by 74 O.S. 1404 [74-1404](f) (1977). It is, therefore, the opinion of the Attorney General that 74 O.S. (1977) is not violated when an accountant for a state agency is employed as an instructor in basic accounting by a state educational institution after his normal working hours. It is further the opinion of the Attorney General that 74 O.S. 1404 [74-1404](f) (1977) is not violated if an employer determines that the part-time work of an employee will neither decrease his efficiency nor impair his judgment as a full-time employee of the State. (GLENN McLOUGHLIN) ** SEE: OPINION NO. 88-023 (1988) ** ** SEE: OPINION NO. 91-567 (1991) (UNPUBLISHED) **